# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * *   *
MARILEE BOERGER,                      *
                                      *   No. 18-130V
              Petitioner,             *   Special Master Christian J. Moran
                                      *
v.                                    *   Filed: January 11, 2022
                                      *
SECRETARY OF HEALTH                   *   Stipulation; influenza ("flu") vaccine;
AND HUMAN SERVICES,                   *   tetanus, diphtheria, acellular pertussis
                                      *   ("Tdap") vaccine; Guillain-Barré
              Respondent.             *   syndrome ("GBS").
* * * * * * * * * * * * * * * * * *   *
```

<u>Lawrence R. Cohan</u>, Saltz Mongeluzzi & Bendesky, Philadelphia, PA, for
Petitioner;
<u>Debra A. Filteau Begley</u>, United States Dep't of Justice, Washington, DC, for
Respondent.

## UNPUBLISHED DECISION[1]

On January 11, 2022, the parties filed a joint stipulation concerning the
petition for compensation filed by Marilee Boerger on January 26, 2018.
Petitioner alleged that the influenza ("flu") vaccine she received on September 27,
2016, and/or the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine she
received on November 20, 2016, which are contained in the Vaccine Injury Table
(the "Table"), 42 C.F.R. §100.3(a), caused her to suffer from Guillain-Barré
syndrome ("GBS"). Petitioner further alleges that she suffered the residual effects
of this injury for more than six months. Petitioner represents that there has been no
prior award or settlement of a civil action for damages on her behalf as a result of
her condition.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and
Promotion of Electronic Government Services), requires that the Court post this decision on its
website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing
redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).
Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that the flu and/or Tdap vaccines caused petitioner's GBS, or any other injury, or her current condition.

Nevertheless, the parties agree to the joint stipulation, attached hereto.  The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

a. **A lump sum payment of $452,874.76 in the form of a check payable to petitioner.  This amount represents compensation for first year life care expenses ($53,731.53), lost earnings ($244,143.23), and pain and suffering ($155,000.00).**

b. **An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased.**

**These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

```
*************************************
```

| | | |
|---|---|---|
| **MARILEE BOERGER,** | * | |
| | * | |
| Petitioner, | * | **No. 18-130V** |
| | * | **Special Master Moran** |
| v. | * | |
| | * | |
| **SECRETARY OF HEALTH AND** | * | |
| **HUMAN SERVICES,** | * | |
| | * | |
| Respondent. | * | |

```
*************************************
```

## STIPULATION

The parties hereby stipulate to the following matters:

1. Marilee Boerger, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") and tetanus, diphtheria, acellular pertussis ("Tdap") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).[1]

2. Petitioner received a flu vaccination on September 27, 2016, and a Tdap vaccination on November 20, 2016.

3. These vaccinations were administered within the United States.

4. Petitioner alleges that she developed Guillain-Barré syndrome ("GBS") that was caused-in-fact by the flu and/or Tdap vaccines, and that she experienced the residual effects of her injury for more than six months.

---

[1] On November 9, 2018, petitioner filed an amended petition that only corrected the date she received the flu vaccine. No substantive claims were added.

   5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that the flu and/or Tdap vaccines caused petitioner's GBS, or any other injury, or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of $452,874.76, which amount represents compensation for first year life care expenses ($53,731.53), lost earnings ($244,143.23), and pain and suffering ($155,000.00), in the form of a check payable to petitioner; and

b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d.   Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:
        AA-, AA, AA+, or AAA.

   10.   The Secretary of Health and Human Services agrees to purchase an annuity

contract from the Life Insurance Company for the benefit of petitioner, Marilee Boerger,

pursuant to which the Life Insurance Company will agree to make payments periodically to

petitioner as follows for the following items of compensation:

   a.   For future unreimbursable Medicare Supplement and Medicare Part D expenses,
        beginning on the first anniversary of the date of judgment, an annual amount of
        $3,134.96 to be paid for the remainder of petitioner's life, increasing at the rate of
        five percent (5%), compounded annually from the date of judgment.

   b.   For future unreimbursable Acupuncture expenses, beginning on the first
        anniversary of the date of judgment, an annual amount of $330.00 to be paid up to
        the date of judgment in year 2026, increasing at the rate of three percent (3%),
        compounded annually from the date of judgment.

   c.   For future unreimbursable Walker, Scooter, Scooter Battery, Scooter
        Maintenance, Power Scooter Lift, White Board, Dry Erase Markers, Humidifier,
        Humidifier Filter, Distilled Water for Humidifier, Wedge, and Medical Alert
        expenses, beginning on the first anniversary of the date of judgment, an annual
        amount of $1,263.25 to be paid for the remainder of petitioner's life, increasing at
        the rate of three percent (3%), compounded annually from the date of judgment.

   d.   For future unreimbursable Over-The-Counter Medication, Incontinence Pads,
        Inner Cannula, and Glove expenses, beginning on the first anniversary of the date
        of judgment, an annual amount of $4,719.08 to be paid for the remainder of
        petitioner's life, increasing at the rate of three percent (3%), compounded
        annually from the date of judgment.

   e.   For future unreimbursable Home Health Aide expenses, beginning on the first
        anniversary of the date of judgment, an annual amount of $34,944.00 to be paid
        up to the date of judgment in year 2033.  Thereafter, beginning on the anniversary
        of the date of judgment in year 2033, an annual amount of $39,936.00 to be paid
        for the remainder of petitioner's life, all amounts increasing at the rate of three
        percent (3%), compounded annually from the date of judgment.

   f.   For future unreimbursable Ancillary Service expenses, beginning on the first
        anniversary of the date of judgment, an annual amount of $670.00 to be paid up to
        the anniversary of date of judgment in year 2032, increasing at the rate of three
        percent (3%), compounded annually from the date of judgment.

3

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Marilee Boerger, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Marilee Boerger's death.

11.     The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12.     As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

4

13.     Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14.     Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15.     The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16.     In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or about September

5

27, 2016, and the Tdap vaccination administered on or about November 20, 2016, as alleged by petitioner in a petition for vaccine compensation filed on or about January 26, 2018, and an amended petition filed on November 9, 2018, in the United States Court of Federal Claims as petition No. 18-130V.

17.     If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18.     If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19.     This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20.     Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

6

21.     This Stipulation shall not be construed as an admission by the United States or the

Secretary of Health and Human Services that the flu and/or Tdap vaccines caused petitioner's

alleged GBS, any other injury, or her current condition.

22.     All rights and obligations of petitioner hereunder shall apply equally to

petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

7

Respectfully submitted.

**PETITIONER:**

_/s/ Marilee J. Berger/_

MARILEE BOURGER/

**ATTORNEY OF RECORD FOR
PETITIONER:**

LAWRENCE R. COHAN, ESQ.
Saltz Mongeluzzi & Bendesky P.C
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
Tel: (215)-496-8282

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

_Dale Wishler, DNSc, APRN, for_

TAMARA OVERBY
Acting Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

Dated: _01/10/2022_

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

_/s/ Heather L. Pearlman_

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR
RESPONDENT:**

_Debra A Filteau Begley
by Heather L Pearlman_

DEBRA A. FILTEAU BEGLEY
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4181
Email: debra.begley@usdoj.gov

8