# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * *
MARILEE BOERGER,                    *
                                    *      No. 18-130V
                Petitioner,         *      Special Master Christian J. Moran
                                    *
v.                                  *      Filed: January 30, 2023
                                    *
SECRETARY OF HEALTH                 *      Attorneys' Fees and Costs,
AND HUMAN SERVICES,                 *      Expert Invoices
                                    *
                Respondent.         *
* * * * * * * * * * * * * * * * * * * * *
```

Lawrence R. Cohan, Saltz Mongeluzzi & Bendesky, Philadelphia, PA, for Petitioner;
Debra A. Filteau Begley, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Marilee Boerger's motion for final attorneys' fees and costs. She is awarded **$41,276.95**.

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On January 26, 2018, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccine she received on September 27, 2016, and/or the tetanus-diphtheria-acellular pertussis vaccine she received on November 20, 2016, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused her to suffer from Guillain-Barré syndrome. On January 11, 2022, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day. 2022 WL 336806 (Fed. Cl. Spec. Mstr. Jan. 11, 2022).

On June 9, 2022, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $28,089.40 and attorneys' costs of $17,986.89 for a total request of $46,076.29. Fees App. at 3. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of her case. Id. at 68. On July 26, 2022, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner did not file a reply thereafter.

*     *     *

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are

2

required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of her counsel: for Mr. Lawrence Cohan, $420.00 per hour for work performed in 2017, $440.00 per hour for work performed in 2018, $450.00 per hour for work performed in 2019, $484.00 per hour for work performed in 2020, $509.00 per hour for work performed in 2021, and $522.00 per hour for work performed in 2022; and for Mr. David Carney, $290.00 per hour for work performed in 2017, and $315.00 per hour for work performed in 2018. The undersigned has reviewed the requested rates and finds that Mr. Carney's requested rates and some of Mr. Cohan's rates are reasonable, but that Mr. Cohan's rate in several years must be reduced because it exceeds what he has previously been awarded for those years. Specifically, Mr. Cohan has consistently been awarded the following hourly rates by other special masters: $400.00 per hour for work performed in 2017, $470.00 per hour for work performed in 2020, $484.00 per hour for work performed in 2021, and $505.00 per hour for work performed in 2022. See Jansen v. Sec'y of Health & Human Servs., No. 18-722V, 2022 WL 2270234, at *2 (Fed. Cl. Spec. Mstr. May 12, 2022); Gardner v. Sec'y of Health & Human Servs., No. 17-959V, 2022 WL 226800, at *2 (Fed. Cl. Spec. Mstr. Jan. 4, 2022); Lesher v. Sec'y of Health & Human Servs., No. 17-1076V, 2021 WL 1526198, at *2 (Fed. Cl. Spec. Mstr. Mar. 17, 2021). Application of these rates results in a reduction of $448.10.

Petitioner also requests paralegal rates ranging from $135.00 per hour in 2017 to $155.00 per hour in 2022. These rates are generally acceptable as they fall within the appropriate range prescribed for paralegals by the OSM Fees Charts.

3

However, petitioner has failed to provide any identifying information about the paralegal(s) who performed work in the instant case which would allow the undersigned to confirm that the requested rates are, in fact, reasonable for a given paralegal. The undersigned has previously discussed the importance of providing basic information about paralegals in fees applications. See Bible v. Sec'y of Health & Hum. Servs., No. 14-880V, 2019 WL 418504, at *2 n.4 (Fed. Cl. Spec. Mstr. Jan. 4, 2019); Floyd v. Sec'y of Health & Human Servs., No. 13-556V, 2017 WL 1344623, at *3-4 (Fed. Cl. Spec. Mstr. Mar. 2, 2017). As in Bible and Floyd, the undersigned will not assess a reduction to any paralegal rates, but this decision informs counsel and his firm to revise their billing practices to conform to the Guidelines in future fees applications. A failure to submit the required information is likely to result in a reduction of fees.

> B.      Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be largely reasonable. However, a small reduction is necessary due to paralegals billing for administrative tasks such as filing documents and sending mail, and for occasional excessive time spent reviewing routine court filings. See Guerrero v. Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016). A reasonable reduction for these issues is $526.50.

Petitioner is therefore awarded final attorneys' fees of $27,562.90.

> C.      Costs Incurred

4

Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), <u>aff'd</u>, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $17,986.89 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage, subpoena service, and work performed by petitioner's life care planner and economic expert. Fees App. at 28. The non-expert costs are typical of Vaccine Program litigation and have been supported with adequate documentation. The requested expert costs require further discussion.

The hourly rate ($125.00) presented by the life care planner, Ms. Roberta Hurley, is consistent with what she has previously been awarded by the Vaccine Program. <u>See</u> <u>Kreten v. Sec'y of Health & Human Servs.</u>, No. 15-504V, 2018 WL 6819553, at *4 (Fed. Cl. Spec. Mstr. Nov. 30, 2018). However, Ms. Hurley's billing entries lack specificity to the point where the undersigned cannot properly assess whether the hours billed are reasonable or not, and there are multiple entries for communication with no indication as to what the topic was. Fees App. at 55-56. The undersigned shall therefore reduce the final award for Ms. Hurley's work by 10% to account for these issues. If counsel intends to retain Ms. Hurley's services in the future, he should apprise her of the need for greater specificity in her billing entries or else she risks greater reductions or non-reimbursement in the future. <u>See</u> <u>Harper v. Sec'y of Health & Hum. Servs.</u>, No. 16-1215V, 2018 WL 6292682, at *2 (Fed. Cl. Spec. Mstr. Nov. 2, 2018) (reducing Ms. Hurley's invoice by 10 percent). A reasonable amount for Ms. Hurley's work in this case therefore is $7,958.89.

Petitioner also requests $2,450.00 for work performed by her economic expert, Mr. Royal Bunin. Petitioner, however, has failed to provide any supporting documentation for this cost. Per the Guidelines for Practice Under the National Vaccine Injury Compensation Program, work by experts "must be identified with particularity in contemporaneous, dated records indicating the amount of time spent on each task" and in general, "[b]efore reimbursement of costs will be made, sufficient supporting documentation, such as invoices, receipts, and billing statements, must be provided." Because petitioner has provided nothing to support Mr. Bunin's work, the undersigned will disallow the cost in its entirety.

Petitioner is therefore awarded final attorneys' costs of $13,714.05.

D.     <u>Conclusion</u>

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$41,276.95** (representing

$27,562.90 in attorneys' fees and $13,714.05 in attorneys' costs) as a lump sum in the form of a check payable to petitioner's counsel, Mr. Lawrence Cohan.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.